UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:24-cv-10039-DPG

SAMUEL C. STOIA, individually and
as Trustee of the My Family Trust u/a/d
December 4, 2012, and ALANA STOIA,

     Plaintiffs,

v.

MARK R. GERENGER

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon Plaintiffs' Samuel C. Stoia, individually and as Trustee of the My Family Trust u/a/d December 4, 2012, and Alana Stoia (collectively, "Plaintiffs" or "Judgment Creditors"), Opposed Motion for Charging Order (ECF No. 39).[1] Impleader Defendants Joshua Pardue and GNP Development, LLC filed a Response (ECF No. 49), to which Plaintiffs filed a Reply (ECF No. 49). Judgment debtor Mark R. Gerenger did not respond or oppose the Motion. The undersigned conducted a hearing on the Motion on February 25, 2026. Upon consideration of the Motion, the Response, the Reply, having reviewed the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion (ECF No. 39) be **GRANTED.**

    **I.**     **BACKGROUND**

     On August 22, 2024, Plaintiffs obtained a Final Default Judgment against Mark R.

---

[1] This Motion has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Darrin P. Gayles, United States District Judge (ECF No. 46).

Gerenger in the amount of $2,756,612.28 plus post-judgment interest. (ECF No. 13). On November 4, 2024, the Clerk of the Court issued a Writ of Execution, which provides for the seizure of "goods and chattels, land and tenements in this District belonging to Defendant." (ECF No. 14). Plaintiffs subsequently filed a Petition to Commence Proceedings Supplementary and to implead non-parties Joshua Pardue ("Pardue") and GNP Development, LLC ("GNP") (collectively, "Impleader Defendants"), asserting three claims of Fraudulent Transfer under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Florida Statutes sections 726.105(1)(b), (1)(a), and (1), respectively. Plaintiff's Petition was granted. (ECF No. 26).

Judgment Creditors represent that the judgment against Mr. Gerenger remains unsatisfied. (ECF No. 39 ¶ 2). They now seek entry of charging orders against two entities: GNP Development Partners, LLC; and Dayton Development Partners, LLC.[2]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution unless the Court orders otherwise and the alternative procedure of execution must accord with the law of the state where the court is located.  Under Florida's Revised Limited Liability Company Act, "[o]n application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest."  Fla. Stat. § 605.0503(1).  That remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor."  § 605.0503(1).  A charging order is the sole and exclusive remedy by which a judgment creditor of a member may satisfy a

---

[2] Plaintiffs originally sought entry of a charging order against additional entities, but on Reply withdrew its request as to all but GNP Development Partners, LLC; and Dayton Development Partners, LLC. *See* (ECF No. 54 at 1).

2

judgment from the judgment debtor's interest in an LLC.  § 605.0503(3).  And where the limited liability company has only one member, the statute allows a court to order a foreclosure sale, if a judgment creditor establishes that a charging order will not satisfy the judgment.  § 605.0503(4).

## III.    DISCUSSION

The undersigned conducted a hearing on Plaintiffs' Motion on February 25, 2026. There, Impleader Defendant GNP Development Partners, LLC appeared through counsel and withdrew its opposition to the Motion. The Parties agreed to a charging order being issued as to any interest maintained by Mr. Gerenger or transferred to Mr. Purdue in GNP Development Partners, LLC, pending the outcome of Plaintiffs' impleader proceedings herein asserting claims for fraudulent transfer. The Parties' stipulation is supported by the Declaration of Samuel C. Stoia, in which he declares that Mr. Gerenger was a member of GNP Development Partners, LLC from its inception in 2017 until May of 2024—shortly after the inception of this matter. Therefore, the Court recommends that any and all distributions, transfers, amounts owed and/or payable to Mr. Gerenger by or on behalf of GNP Development Partners, LLC as to any interest maintained by Mr. Gerenger or transferred to Mr. Purdue, pending the outcome of Plaintiffs' impleader proceedings, be paid to the Judgment Creditors.

Dayton Development Partners, LLC ("Dayton") has not appeared in this matter and did not respond in opposition to Plaintiffs' Motion. Mr. Stoia attested that Dayton listed Mr. Gerenger as its sole title member and registered agent from its founding in 2019 until May 2024 and provided records filed with the Florida Division of Corporations in support. *See* (ECF No. 54-1). Further, Mr. Stoia provided a Petition for Bankruptcy filed on behalf of Dayton pending in the United States Bankruptcy Court for the Southern District of Ohio, listing Mr. Gerenger as Dayton's largest creditor. Considering this evidence, the undersigned has a factual basis for recommending the entry of a charging order. *See, e.g.*, *Living Tree Lab'ys, LLC v. United Healthcare Servs., Inc.*, No. 16-

3

CV-24680, 2022 WL 17330953, at *1 (S.D. Fla. Nov. 11, 2022). Accordingly, the Court recommends that any and all distributions, transfers, amounts owed and/or payable to Mr. Gerenger by or on behalf of Dayton Development Partners, LLC shall be paid to the Judgment Creditors.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Judgment Creditors' Motion (ECF No. 39) be **GRANTED** and a charging order be issued:

1. as to any interest maintained by Mr. Gerenger or transferred to Mr. Purdue in GNP Development Partners, LLC pending the outcome of Plaintiffs' impleader proceedings herein; and

2. as to Mr. Gerenger's interest in Dayton Development Partners, LLC.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami Florida this 25th day of February, 2026.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Darrin P. Gayles
       Counsel of Record