**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 4:24-cv-10039-DPG

SAMUEL C. STOIA, individually and
as Trustee of the My Family Trust u/a/d
December 4, 2012, and ALANA STOIA,

      Plaintiffs,

v.

MARK R. GERENGER

      Defendant.

_____/

### REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon Plaintiffs' Samuel C. Stoia, individually and as Trustee of the My Family Trust u/a/d December 4, 2012, and Alana Stoia (collectively, "Plaintiffs" or "Judgment Creditors"), Verified Unopposed Motion for Charging Order (ECF No. 45). This Motion has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Darrin P. Gayles, United States District Judge (ECF No. 46). Upon consideration of the Motion, having reviewed the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

I.      **BACKGROUND**

On August 22, 2024, Plaintiffs obtained a Final Default Judgment against Mark R. Gerenger ("Gerenger" or "Defendant") in the amount of $2,756,612.28, plus post-judgment interest. (ECF No. 13). On November 4, 2024, the Clerk of the Court issued a Writ of Execution, which provides for the seizure of "goods and chattels, land and tenements in this District belonging to

1

Defendant."(ECF No. 14).[1] Judgment Creditors represent that the judgment remains unsatisfied. (ECF No. 45-1 ¶ 4).

The Judgment Creditors seek entry of a charging order against the following entities, upon the contention that Mr. Gerenger maintains interests therein: Marathon Development Partners, LLC; Ocean Crest Estates, LLC; Panson Properties, LLC; Panson Management Group, LLC; Massee Crossing, LLC; Lake Wales Development Partners, LLC; and E11even Holdings, LLC (collectively, the "Charged Entities"). Mr. Gerenger has not responded to the motion.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution unless the Court orders otherwise and the alternative procedure of execution must accord with the law of the state where the court is located.   Under Florida's Revised Limited Liability Company Act, "[o]n application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest."   Fla. Stat. § 605.0503(1).   That remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor."   § 605.0503(1).   A charging order is the sole and exclusive remedy by which a judgment creditor of a member may satisfy a judgment from the judgment debtor's interest in an LLC.   § 605.0503(3).   And where the limited liability company has only one member, the statute allows a court to order a foreclosure sale, if a judgment creditor establishes that a charging order will not satisfy the judgment.   § 605.0503(4).

---

[1] Plaintiffs subsequently filed a Petition to Commence Proceedings Supplementary and to implead non-parties Joshua Pardue ("Pardue") and GNP Development, LLC ("GNP") (collectively, "Impleader Defendants").

## III.    DISCUSSION

In support of their Motion, Judgment Creditors have provided the Declaration of Samuel Stoia, attaching official records supporting his belief that Mr. Gerenger either currently maintains interests in the Charged Entities or previously held an interest that was fraudulently transferred to avoid creditors.

Mr. Stoia has attached to his Declaration records filed with the Florida Department of Corporations[2] indicating that Mr. Gerenger is currently a title member of the following entities: Marathon Development Partners, LLC, (ECF No. 45-1 at 6); Panson Management Group, LLC, (*id.*, at 7); Massee Crossing, LLC, (*id.* at 9); and Panson Properties, LLC, (*id.*, at 10).

As for Lake Wales Development Partners, LLC; Ocean Crest Estates, LLC; and E11even Holdings, LLC, Mr. Stoia provides records confirming that Mr. Gerenger was the sole manager for these entities from their founding though the filing of this action. *See* (ECF No. 45-1 at 3–4, 11–33).

Considering this evidence, the undersigned has a factual basis for recommending the entry of a charging order.  *See Living Tree Lab'ys, LLC v. United Healthcare Servs., Inc.*, No. 16-CV-24680, 2022 WL 17330953, at *1 (S.D. Fla. Nov. 11, 2022); *Strategic Mktg., Inc. v. Great Blue Heron Software*, No. 15-cv-80032 (ECF No. 338) (S.D. Fla. Jan. 19, 2017) (granting an unopposed motion for a charging order that was supported by corporate registration documents from Sunbiz). Accordingly, the Court recommends that any and all distributions, transfers, amounts owed and/or payable to Mark R. Gerenger, by or on behalf of Marathon Development Partners, LLC; Ocean Crest Estates, LLC; Panson Properties, LLC; Panson Management Group, LLC; Massee Crossing,

---

[2]   The Department of State provides an online index of corporate registration ("Sunbiz").   *See* https://dos.myflorida.com/sunbiz/ (last visited Feb. 25, 2026).

LLC; Lake Wales Development Partners, LLC; and E11even Holdings, LLC, shall be paid to the Judgment Creditors.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Judgment Creditors' Motion (ECF No. 45) be **GRANTED** and that charging orders be issued as to Mark R. Gerenger's interests in

1. Marathon Development Partners, LLC;

2. Ocean Crest Estates, LLC;

3. Panson Properties, LLC;

4. Panson Management Group, LLC;

5. Massee Crossing, LLC;

6. Lake Wales Development Partners, LLC; and

7. E11even Holdings, LLC.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 25th day of February, 2026.

_____

LAUREN LOUIS

UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Darrin P. Gayles
       Counsel of Record